UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

Filed in U.S. Bankruptcy Court
Atlanta, Georgia

JUN 5 2023

M. Regina Thomas, Clerk
By: _____
Deputy Clerk

| IN RE: | CHAPTER 13 |
|---|---|
| TERRENCE WILLIAMS | CASE NO. 23-55306 |
| Debtor | |

## MOTION TO IMPOSE THE AUTOMATIC STAY

COMES NOW, TERRENCE WILLIAMS, debtor in the above captioned case, moves this Court for an Order granting the Debtor's Motion to import the automatic stay. In support of the Motion, the Debtor states as follows:

### I. Jurisdiction and Venue

1. The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 & 1334, pursuant to which all cases filed in Georgia under 13 U.S.C. § 101, et seq. (the "Bankruptcy Code") are referred to bankruptcy judges of this district. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding over which the Court has jurisdiction and Constitutional authority to enter a final order.

### II. Procedural Background

2. On June 5, 2023, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "**Petition Date**").

3. At the time of filing, Debtor included a copy of this Motion. Debtors seeks to utilize the "Notice and Opportunity for Hearing" procedures of B.L.R. 9014-1(b)(3), in that a hearing will be set only upon opposition and a request to set for hearing.

### III. Relief Requested

4. Debtor who move this Court to extend the automatic stay pursuant to 11 U.S.C. § 362(c)(4) for the reasons listed below: Debtor filed this bankruptcy case on June 5,

2023. The debtor has filed two prior bankruptcy cases, case numbers 2023bk50072 and 2023bk52216. The previous cases were dismissed. Both dismissals were within one year of the filing of this case. Pursuant to 11 U.S.C. § 362(c)(4), the automatic stay in this case does not go into effect upon the filing of this case. 11 U.S.C. § 362(c)(4)(B) provides that "if, within 30 days after the filing of the case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitation as the court may then impose)." This case is presumptively not filed in good faith because two or more previous cases under this title in which the individual was a debtor were pending with the one year period prior to filing this case. Such presumption may be rebutted by the debtor by clear and convincing evidence to the contrary in that at the time of required filings, Debtor, is a combat wounded veteran with a profusion of health issues. Debtor intended on proceeding in these filings but due to health issues, was unable to complete the petitions. Cause exists for extending the automatic stay as to all creditors because the filing of this case is in good faith as to the creditors to be stayed because the debtors now have the ability to fund and complete their Chapter 13 plan. Wherefore the debtor pray that the Court impose the automatic stay as to all creditors.

Dated June 5, 2023                              Respectfully submitted,

<u>/s/ Terrence Williams</u>
1455 Highland Lake Drive
Lawrenceville, GA 30045
(770) 374-5956

## CERTIFICATE OF SERVICE

I, Terrence Williams, declare under penalty of perjury that a true and correct copy of the foregoing Motion was served on the parties listed below via US Mail on June 5, 2023:

K. Edward Safir
Standing Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave. NE
Atlanta, GA 30303

                                          /Terrence Williams
                                          Terrence Williams